# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:17-cv-00067-FDW

| | |
|---|---|
| GEORGE VICTOR STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint under 28 U.S.C. §§ 1915A and 1915(e). (Doc. No. 1.) Also before the Court is Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2) and Motion seeking liberal construction of his pro se Complaint (Doc. No. 3).

**I.  IFP MOTION**

Federal law requires that a party instituting a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914(a), 1915(a)(1). A prisoner seeking to bring a civil action in federal district court without prepayment of fees, must file an affidavit that includes a statement of all assets such prisoner possesses and a statement that the prisoner is unable to pay such fees or give security therefor. § 1915(a)(1). Additionally, the prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. § 1915(a)(2).

The Court has reviewed Plaintiff's IFP Declaration (Doc. No. 2-1), as well as the Trust

1

Account Statement he provided (Doc. No. 2-2). The later indicates Plaintiff has a large amount of debt due to the numerous civil law suits he has filed while incarcerated. (Doc. No. 2-2.) In his IFP Declaration, Plaintiff states that he has no income and owns no property. (Doc. No. 2-1.) It appears Plaintiff lacks sufficient funds to pay the filing fee. Therefore, the Court will grant Plaintiff's IFP Motion.

## II. INITIAL REVIEW

### A. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the Complaint, or any portion of the Complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief.

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). The liberal construction requirement, however, will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### B. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina. His Complaint pursuant to 42 U.S.C. § 1983 was filed on February 28, 2017, when he placed it in the mail. (Compl. 11, Doc. No. 1.) Plaintiff has named FNU Mitchell, whom he identifies as Director of Security for all North Carolina Department of Public Safety correctional facilities in the Western District of North Carolina, and Hubert Corpening, whom he identifies as Superintendent of Marion

Correctional Institution ("MCI"), as Defendants. Plaintiff's action against Defendants is based on the following factual allegations:

> After filing a law suit against John A. Herring in case no. 3:17-cv-035-FDW-1,[1] Regional Director Mitchell told Plaintiff that "since you like filing lawsuit[s] against my employees, I'm going to teach you a lesson and make sure you'r [sic] confined in restrive [sic] housing for a long time."
>
> Mitchell then had Plaintiff transferred to Marion to place him [in] the RDU program (which is a program that consist[s] of being confined to a cell for 18 months) with [strict] and harsh condition[s].
>
> When Plaintiff arrived at Marion, he was told by several officers that they were instructed by Corpening to confiscate all legal documents with Herring's name on them. The officer also threatened to kill Plaintiff if he didn't abandon his suit against Herring.
>
> The officers then confiscated some of Plaintiff's books and legal documents and destroyed them. They also destroyed Plaintiff's carbon papers preventing him from making legal copies of his documents to the courts.

(Compl. 3-4, Doc. No. 1) (footnote added). As a result, Plaintiff asserts, he has been unable to effectively litigate his pending cases or act in compliance with any court orders. (Compl. 4.) He claims that Defendants' "[retaliatory] conduct and deliberate indifference to constitutional rights" violated his First Amendment right to petition the courts. (Compl. 4.) Plaintiff seeks monetary damages, as well as declaratory and injunctive relief.

**C. DISCUSSION**

Section 1983 provides, in relevant part, that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

---

[1] In civil case 3:17-cv-035-FDW-1, Plaintiff identifies Herring as Superintendent of Lanesboro Correctional Institution. The Court may properly take judicial notice of public records. See Fed. R. Evid. 201(d); Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. For the reasons that follow, the Complaint shall be dismissed as frivolous and malicious.

The undersigned is the presiding judge in all three of Plaintiff's § 1983 civil actions in the Western District of North Carolina, see Stokes v. Herring, 3:17-cv-00035-FDW (W.D.N.C. filed 01/25/17); Stokes v. Johnson, et al., 3:16-cv-00127-FDW (W.D.N.C. filed 03/11/16), and, as such, could not have failed to note the striking similarities between the factual allegations in this Complaint and Plaintiff's § 1983 Complaint in Stokes v. Johnson, et al. In that case, the defendants are officers at the Mecklenburg County Jail, and Plaintiff alleges they retaliated against him for filing grievances against other officers at the jail. Compl. 2, 3:16-cv-00127-FDW, at Doc. No. 1.[2] Specifically, Plaintiff alleges that,

> [a]fter filing several grievances against supervisory officials, [D]efendant Johnson told Plaintiff that "since you like filing grievances against my boss. [sic] I'm going to teach you a lesson, and make sure you'r [sic] kept in lock-up for a long, long time.

Compl. 3, id.

Based upon Plaintiff's description, Defendant Mitchell in the instant case appears to be George Mitchell, Director of the Department of Public Safety's Mountain Region Office, which is located in Valdese, North Carolina. See N.C. Dept. Pub. Safety website, https://www.ncdps.gov/mountain-region-office. The likelihood that the regional director of a state agency and a sheriff's deputy at a county jail used almost identical language to explain how and why they intended to retaliate against Plaintiff for engaging in the same behavior at

---

[2] Unless otherwise noted, document and docket citations that are not in parentheses are from either Stokes v. Herring, 3:17-cv-00035-FDW, or Stokes v. Johnson, et al., 3:16-cv-00127-FDW. Document and docket citations enclosed by parentheses are from the instant civil action, Stokes v. Mitchell, et al., 1:17cv67.

unrelated institutions is negligible.  Furthermore, while it is not impossible that Defendant Mitchell, who oversees 15 correctional institutions housing thousands of prisoners, personally delivered Plaintiff a message of retribution, it is improbable.

What solidifies the Court's skepticism about the truthfulness of Plaintiff's allegations, however, is the fact that Plaintiff signed the instant Complaint before a notary on February 15, 2017 (Compl. 8-10), but was not transferred to MCI until February 24, 2017, see Not. of Address Change, Herring, 3:17-cv-00035-FDW, Doc. No. 7.[3]  This begs the question how any of Plaintiff's factual allegations about what happened when he reached MCI could be true, which, in turn, casts doubt on the rest of Plaintiff's allegations.

Additionally, between February 24 and March 8, 2017, Plaintiff was transferred from MCI to Central Prison, see Not. of Address Change, id. at Doc. No. 8, and between March 8 and March 24, 2017, he was transferred from Central Prison to Lanesboro Correctional Institution, which is where he was housed before being sent to MCI (Not. of Change of Address, Doc. No. 7).  Plaintiff never states that he actually was put in the RDU at MCI, and he was at MCI for less than two weeks, which lends even less credence to his allegation that he was sent to MCI to be put in RDU "for a long time."

Finally, after he was transferred from MCI to Central Prison, Plaintiff filed an affidavit in his case against Herring stating he was unable to provide the Court copies of the grievance and the administrative responses in that matter because his personal property was not transferred with him from MCI to Central.  Pet'r's Aff. ¶ 2, 3:17-cv-00035-FDW, Doc. No. 10.  That statement

---

[3] This fact makes it virtually impossible that Plaintiff exhausted his administrative remedies before filing the instant Complaint.

appears to contradict the allegations made here that Defendant Corpening ordered MCI officers to confiscate all of Plaintiff's legal documents with Herring's name on them.

Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Thus, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id.

The Court finds that the claims raised in the instant Complaint are frivolous and malicious, and the Complaint shall be dismissed as such. The Court notes that Plaintiff has had two prior federal civil actions dismissed under 28 U.S.C. §§ 1915A and/or 1915(e)(2). See Stokes v. Newton, et al., 1:11CV801 (M.D.N.C. filed 1/31/12); Stokes v. Watson Wrecker Service, 1:10CV284 (M.D.N.C. filed 11/19/10). Consequently, he is at risk of being prohibited from proceeding in forma pauperis in any future civil action he files in federal court. See 28 U.S.C. § 1915(g) (prohibiting a prisoner from filing civil actions in forma pauperis if, on 3 or more prior occasions, he has brought an action in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted).

### III. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** as frivolous and malicious, see 28 U.S.C. §§ 1915A and 1915(e)(2);

2. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

3. Plaintiff's Motion seeking liberal construction of his pro se Complaint (Doc. No. 3) is **DISMISSED** as moot, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring liberal construction of a pro se complaint); and

4. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: June 15, 2017

*[signature]*

Frank D. Whitney
Chief United States District Judge